NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1238

COMMONWEALTH

vs.

CHRISTOPHER MEDEIROS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant pleaded guilty in 2017 to aggravated rape of a child, rape of a child, and three counts of aggravated indecent assault and battery on a child under the age of fourteen.  He was sentenced to ten years to ten years and one day of incarceration, followed by seven years of probation.  The sentencing judge imposed the following probation conditions, among others:  stay away from and have no contact with the victim and her family, stay away from the victim's family home in Revere, and submit to global positioning system (GPS) monitoring.  The sentencing judge noted that the GPS monitoring condition was required by statute, see G. L. c. 265, § 47, and the defendant raised no argument to the contrary.

Over a year later, the Supreme Judicial Court held in Commonwealth v. Feliz, 481 Mass. 689, 699-700 (2019), that,

because GPS monitoring is a search in the constitutional sense, art. 14 of the Massachusetts Declaration of Rights requires individualized determinations of reasonableness before GPS monitoring can be imposed as a condition of probation. The defendant then moved, in November 2021, to vacate the GPS monitoring condition of his probation pursuant to Feliz. After a nonevidentiary hearing in May 2022, a judge (who was not the sentencing judge) denied the motion, concluding that GPS monitoring was warranted "given the facts of this case." The defendant appeals.

Because the defendant's motion raises a constitutional question, "we conduct an independent review" of the motion judge's decision and "consider the constitutionality of the search de novo." Commonwealth v. Roderick, 490 Mass. 669, 673 (2022). On appeal, in arguing that the Commonwealth did not meet its burden of justifying the GPS monitoring condition, the defendant relies in large part on the Commonwealth's failure to present evidence at the May 2022 hearing regarding where the victim was then living. This argument, however, overlooks the fact that the defendant's release from incarceration was not imminent at the time of the hearing. We see no significance to the May 2022 date for purposes of assessing the constitutionality of the search. In Feliz, 481 Mass. at 692, the defendant had already been fitted with a GPS monitoring

2

device when he moved to vacate the GPS monitoring condition of his probation. And in Roderick, supra at 671, the defendant moved to vacate the GPS monitoring condition just a few weeks before his expected release from incarceration.

At oral argument the defendant took the position that under Feliz and Roderick the search occurs not at the time of sentencing, but at the time the GPS monitoring device is actually placed on the probationer. If that is correct, then the defendant's motion is premature. But to the extent the defendant challenges the imposition of the condition at the time of sentencing,[1] we discern neither error nor a substantial risk of a miscarriage of justice. The defendant pleaded guilty to raping the child victim, "one of the most serious crimes punishable by law." Roderick, 490 Mass. at 682, quoting Commonwealth v. Sherman, 481 Mass. 464, 473 (2019). The sentencing judge ordered the defendant as a condition of probation to stay away from the victim and the specific street on which her family home was located. Because the victim's address was known, an exclusion zone could have been configured in the defendant's GPS device. The GPS monitoring condition was justified in these circumstances. See Roderick, supra at 681 ("There is little question that the Commonwealth's interest in

_____

[1] We will assume, without deciding, that Feliz applies retroactively, a question that was not briefed by the parties.

3

enforcing the exclusion zone around the victim's home, in conjunction with its interest in deterring and investigating future sex offenses, would have outweighed the incremental privacy intrusion occasioned by GPS monitoring").

Nothing we have said precludes the defendant from moving to modify the conditions of his probation at a later date.

<u>Order denying motion to vacate GPS monitoring affirmed</u>.

By the Court (Desmond, Shin & Singh, JJ.[2]),

*Paul Little*

Assistant Clerk

Entered:  January 31, 2024.

---

[2] The panelists are listed in order of seniority.